EZZELL *v.* STATE OF INDIANA.

[No. 30,342. Filed May 26, 1964.]

*Richard M. Orr,* and *Money, Orr, Bridwell & Fink,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

MYERS, J.—This was a criminal action brought by appellee, State of Indiana, against appellant by affidavit charging him with the offense of resisting or interfering with a police officer. The affidavit was filed September 18, 1961. Appellant was arrested on warrant and brought to trial before the Marion County Municipal Court, where he was found guilty. He ap-

pealed to the Criminal Court of Marion County, Division 2. On August 6, 1962, he was tried before a jury and found guilty as charged. He was sentenced to the Indiana State Farm for a period of one hundred eighty days. On August 8, 1962, an appeal bond in the amount of $500 was tendered, approved by the court and spread of record.

The record reveals that the order book entry shows that appellant filed his motion for new trial on *September 7, 1962*. It is the State's contention that this motion was filed thirty-two days after the rendition of the verdict and judgment, and thus was filed two days late pursuant to statute requiring such a motion to be filed within thirty days after verdict. Burns' Ind. Stat., §9-1903, 1956 Replacement. Appellant assigns as the only error the overruling of the motion for new trial. The State has filed its motion to dismiss the appeal or affirm the judgment of the lower court.

By way of answer to the State's motion to dismiss, appellant alleges that the motion for new trial was actually filed *September 5, 1962,* which would be within the 30-day period allotted. He claims this fact is shown by: (a) The file stamp on the original motion itself in the trial court's file; (b) the Judge's bench notes; (c) the entry docket in the court room. He says he learned that the order book entry was erroneous when he first received the State's motion to dismiss, and that he has filed a motion to correct the record in the trial court. Subsequently, the trial judge sustained this motion and commanded the Clerk of the Criminal Court to correct the order book entry so that the records of the court correctly show the motion for new trial to have been filed on September 5, 1962, instead of September 7, 1962.

Thereafter, on April 24, 1964, appellant filed an application for a writ of certiorari, requesting the Clerk of the Criminal Court of Marion County, Division 2, to make and certify to this court a corrected order book entry. This was done on April 28, 1964, by writ of certiorari, in which the following order book entry, dated April 17, 1964, was shown to have been made by order of the Criminal Court:

"STATE OF INDIANA

v.  Cr 25 542Z

RUDOLPH EZZELL

RESISTING OR INTERFERING
WITH OFFICER

"Come now the State of Indiana by Sheldon Breskow, deputy prosecutor; defendant by counsel Richard Orr. Argument had on defendant's Motion to Correct Record and the Court having examined the records of this court and being advised therein now finds that the defendant's Petition to Correct Record should be sustained.

"IT IS THEREFORE ORDERED by the Court that the order book entry of September 7, 1964 [sic] Order Book 138, page 504 should be and is corrected to show that defendant's Motion for New Trial was filed on September 5, 1962."

It is obvious that the correction referred to was the year 1962 instead of 1964, and, being nothing more than a clerical error, this court will consider the date to be September 7, 1962.

It being shown, therefore, that appellant's motion for new trial was filed within time, the motion to dismiss or affirm filed by appellee, State of Indiana, is hereby overruled.

Achor, C. J., and Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 198 N. E. 2d 753.